UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVAN LAMPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01637-JPH-TAB |
| | ) |
| OKOSUN Officer, | ) |
| POOR Sgt., | ) |
| ALLEN Warden, | ) |
| FOX Deputy Warden, | ) |
| REAGLE Commissioner, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Devan Lampe is a prisoner currently incarcerated at Pendleton Correctional Facility and has filed this action seeking damages alleging violations of his constitutional rights there. Because the plaintiff is a "prisoner," this Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

1

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Lampe's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Officer Okosun; (2) Sgt. Poor; (3) Warden Allen; (4) Deputy Warden Fox; and (5) Indiana Department of Correction former Commissioner Reagle.[1]

On August 7, 2024, Officer Okosun brought a non-kosher meal sack to Mr. Lampe's cell—even though Mr. Lampe had been on a kosher diet for approximately two years—and refused to get another meal for Mr. Lampe. While Mr. Lampe's arm was in the cell door food slot, Officer Okosun repeatedly slammed it shut on Mr. Lampe's arm. Mr. Lampe sought help from Sgt. Poor, but he did not intervene and instead joined Officer Okosun in attempting to pepper spray Mr. Lampe. Mr. Lampe suffered injuries to his arm that required medical attention and painkilling medication.

---

[1] As of January 15, 2025, the IDOC Commissioner is now Lloyd Arnold.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims that Are Dismissed**

Mr. Lampe's claims against Warden Allen, Deputy Warden Fox, and former Commissioner Reagle are all based on Mr. Lampe's assertion that they did not properly supervise Officer Okosun and Sgt. Poor and "allowing" them to use excessive force. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). There are no allegations here that Warden Allen, Deputy Warden Fox, or former Commissioner Reagle had any direct involvement in the actions of Officer Okosun or Sgt. Poor. All claims against them **are dismissed**.

Next, regarding Officer Okosun's one-time failure to provide Mr. Lampe with a kosher meal, "[d]e minimis burdens on the free exercise of religion are not

3

of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (holding that jail's failure to provide pork-free food to inmate on 3 out of 810 occasions did not constitute an actionable burden on inmate's free exercise of religion). All claims related to Officer Okosun's one-time failure to provide a kosher meal to Mr. Lampe **are dismissed**.[2]

### B. Claims that Shall Proceed

Mr. Lampe's claims **shall proceed** against Officer Okosun and Sgt. Poor as Eighth Amendment excessive force claims. The claim against Sgt. Poor is based upon his failure to intervene in Officer Okosun's use of force.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 24, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** to terminate Warden Allen, Deputy Warden Fox, and former Commissioner Reagle as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Okosun and Sgt. Poor in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 18, 2024, dkt [2],

---

[2] The Court also notes that Mr. Lampe cannot seek damages against Officer Okosun in his individual capacity under the Religious Land Use and Institutionalized Persons Act for any alleged interference with his religious practices, nor can he seek damages against the state or any state entity. *See Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009); *Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011).

4

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/25/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Electronic service to Indiana Department of Correction:
    Officer Okosun
    Sgt. Poor
    (All at Pendleton Correctional Facility)

DEVAN LAMPE
257022
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

5