UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEVAN LAMPE, Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-01637-JPH-TAB |
| OKOSUN Officer, POOR Sgt., Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Devan Lampe, an inmate at Pendleton Correctional Facility, filed this lawsuit alleging that Defendants subjected him to excessive force. Defendants have moved for summary judgment. Dkt. [32]. For the reasons below, that motion is **GRANTED**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to

consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Plaintiff did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the designated evidence in the light most favorable to Mr. Lampe and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

On August 7, 2024, Mr. Lampe was housed in a disciplinary segregation unit at Pendleton. Dkt. 33-1 at 7, 9-10 (Lampe deposition). That morning, Officer Augustine Okosun was delivering breakfast to Mr. Lampe's unit. *Id.* at 8-9. Officer Okosun opened Mr. Lampe's cuff port and attempted to hand a packaged meal to Mr. Lampe through the cuff port. Dkt. 33-2 at 21:15-21:20 (cell front video). Mr. Lampe refused it because he was on a kosher diet and the meal was not kosher. Dkt. 33-1 at 8. Officer Okosun looked through the packages on the food cart, found another package, and attempted to give it to Mr. Lampe, who refused it too as non-kosher. *Id.*; dkt. 33-2 at 21:20-21:58.

Officer Okosun and Mr. Lampe then began arguing. *Id.* at 21:58. About a minute later, Mr. Lampe reached through the open cuff port and held onto it. Dkt. 33-3 at 22:45 (range video). Officer Okosun ordered Mr. Lampe multiple times to let go of the cuff port, but he refused. Dkt. 33-1 at 18. Mr. Lampe asked for a sergeant to come to his cell and told Officer Okosun he would not remove his hand until a sergeant came. *Id.* at 12-13. Officer Okosun eventually drew his OC canister, then attempted to push the cuff port closed while Mr. Lampe held onto it. Dkt. 33-3 at 23:58. At the same time, Officer Okosun used his other

hand to remove a sheet Mr. Lampe had hung in the front of his cell. Less than a minute later, Officer Okosun let go of the cuff port and Mr. Lampe kept it open with his hand on it. *Id.* at 24:49; dkt. 33-2 at 24:06. Officer Okosun never used his OC spray. Dkt. 33-1 at 20.

Sgt. Poor then arrived and talked with Mr. Lampe for less than a minute. *Id.* at 24:50-25:33. Sgt. Poor threatened to spray Mr. Lampe with OC spray if he did not release the cuff port. Dkt. 33-1 at 22. Mr. Lampe then turned away from the cell door to avoid being sprayed, letting go of the cuff port. *Id.* Officer Okosun then closed the cuff port. Dkt. 33-2 at 25:30; dkt. 33-3 at 26:11. Sgt. Poor never used his OC spray. Dkt. 33-1 at 23. Officer Okosun brought another meal for Mr. Lampe less than half an hour later, which Mr. Lampe accepted. Dkt. 33-2 at 51:52.

Mr. Lampe filed this lawsuit in September 2024, dkt. 2, and is proceeding on an Eighth Amendment excessive force claim against Officer Okosun and a failure to intervene claim against Sgt. Poor, dkt. 9 at 4. Defendants moved for summary judgment. Dkt. 32. Mr. Lampe did not respond.

## III.
## Discussion

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d at 662. This rule does not bar *de minimis* force unless the force is "of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37−38 (2010) (per curiam) (cleaned up). Even if the force applied is not *de*

*minimis*, it remains permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664 (cleaned up). But malicious or sadistic force—even if it does not cause a serious injury—is prohibited. *Id.* To distinguish between good-faith and malicious force, courts consider several factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* at 663; *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986). Additionally, to survive summary judgment, a plaintiff must present evidence supporting "a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.

Here, the undisputed designated evidence indicates that Officer Okosun repeatedly ordered Mr. Lampe to remove his hand from the cuff port so it could be closed, but Mr. Lampe refused. Officer Okosun then pushed the cuff port closed with Mr. Lampe's hand still in it. The video evidence conclusively establishes that Officer Okosun did not slam Mr. Lampe's hand in the cuff port or punch his hand. *McCottrell v. White*, 933 F.3d 651, 661 n.9 (7th Cir. 2019) ("[W]here a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment."). Sgt. Poor arrived

on the scene and threatened to use OC spray on Mr. Lampe, who then released the cuff port that was then closed by Officer Okosun. Neither Officer Okosun nor Sgt. Poor used OC spray.

Under this undisputed evidence, applied to the *Whitley* factors, no reasonable jury could conclude that Officer Okosun used excessive force. Leaving a cuff port open can present a legitimate safety and security concern. *See Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001). And Mr. Lampe admitted in his deposition that he disobeyed orders to remove his hand from the cuff port. *See Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) ("When an inmate refuse[s] to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials. Such refusal and denial of authority places the staff and other inmates in danger.").

Moreover, the amount of force Officer Okosun used was modest and tailored to enforcing his order to close the cuffport. *See Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) ("[I]n order to survive a motion for summary judgment, the prisoner must have evidence that will support a reliable inference of wantonness in the infliction of pain."). He did not use his OC spray or slam the cuff port closed. Instead, Sgt. Poor was able to get Mr. Lampe to remove his hand from the cuff port so that Officer Okosun could close it. There is no designated evidence that Mr. Lampe was injured. *See Wilkins*, 559 U.S. at 37−38 (de minimis force cannot be excessive). So no reasonable jury could find Officer Okosun's use of force was not malicious, sadistic, or wanton. *See Fillmore*, 358 F.3d at 504; *Coleman v. Willoughby*, 2021 WL 3674701 at *2 (S.D. Ind. Aug. 2021) (granting

summary judgment to officer who twisted inmate's arm after inmate refused to remove arm from cuff port and inmate suffered only minor injury from incident).

Because Officer Okosun did not use excessive force against Mr. Lampe, Sgt. Poor cannot be held liable for failing to intervene. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation").

## IV.
## Conclusion

Defendants' motion for summary judgment is **GRANTED.** Dkt. [32]. Final judgment consistent with this Order and the Court's screening order, dkt. [9], shall issue separately.

**SO ORDERED.**

Date: 9/10/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DEVAN LAMPE
257022
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only